UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MACKING NETTLES,

    Petitioner,

                                                                      Case No. 17-12364

v.

CONNIE HORTON,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Macking Nettles, incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his second-degree murder conviction under Mich. Comp. Laws § 750.317. Respondent filed a motion to dismiss the petition on the ground that it was not timely filed. (Dkt. #8.) Petitioner filed a reply. (Dkt. #10.) For the following reasons, the Respondent's motion is granted and the petition for a writ of habeas corpus is dismissed.

## I. BACKGROUND

Petitioner was charged with first-degree murder, but pleaded guilty to a reduced charge of second-degree murder. On September 24, 1998, Petitioner was sentenced to 30 to 60 years in prison. He did not file a direct appeal from his conviction and sentence.

Seven years later, on October 12, 2005, Petitioner sent a letter to the trial court, requesting the appointment of counsel to assist him with an appeal. (Dkt. #1 Pg. ID 47.)

The trial court appointed counsel for Petitioner. Counsel filed a post-conviction motion for relief from judgment with the trial court on June 18, 2008. The trial court denied the motion. *People v. Nettles*, No. 98-08191 (Mich. Third Jud. Cir. Ct. Sep. 24, 2008). Petitioner, through counsel, then filed an application for leave to appeal to the Michigan Court of Appeals, which was denied. *People v. Nettles*, No. 293867 (Mich. Ct. App. Nov. 23, 2009). Petitioner filed his own *pro se* motion for reconsideration with the Michigan Court of Appeals. (Dkt. #9-7 Pg. ID 250–52.) The motion for reconsideration was denied. *People v. Nettles*, No. 293867 (Mich. Ct. App. Feb. 10, 2010). Petitioner then filed a *pro se* application for leave to appeal, along with numerous attachments, with the Michigan Supreme Court. (Dkt. # 9-8 Pg. ID 255–333.) The Michigan Supreme Court denied Petitioner leave to appeal on July 26, 2010. *People v. Nettles*, 784 N.W. 2d 218 (Mich. 2010).

On October 12, 2011, Petitioner filed a *pro se* motion for relief from judgment, along with an amended motion for relief from judgment. (*See* Dkt. ##9-11, 9-13.) The trial judge denied the motion for relief from judgment under M.C.R. 6.502(G) because it was an improperly filed successive motion for relief from judgment that did not fall within one of the exceptions permitting successive filings. *People v. Nettles,* No. 98-08191 (Mich. Third Jud. Cir. Ct. Nov. 2, 2011). Petitioner filed two *pro se* motions for reconsideration. (*See* Dkt. ##9-14, 9-15.) The judge denied the motion for reconsideration. *People v. Nettles*, No. 98-08191 (Mich. Third Jud. Cir. Ct. Dec. 15, 2011). Petitioner filed a *pro se* application for leave to appeal to the Michigan Court of Appeals. (Dkt. #9-17 Pg. ID 486-505.) The Michigan Court of Appeals denied the appeal pursuant to M.C.R. 6.502(G). *People v. Nettles*, No. 310787 (Mich. Ct. App. Aug. 27,

2012). Petitioner filed a *pro se* application for leave to appeal with the Michigan Supreme Court. (Dkt. #9-18 Pg. ID 508–51.) On March 4, 2013, the Michigan Supreme Court denied Petitioner leave to appeal also pursuant to M.C.R. 6.502(G). *People v. Nettles*, 829 N.W.2d 593 (Mich. 2013).

At some point, Petitioner filed a motion for reissuance of judgment with the trial court, which was denied on June 28, 2013. The motion for reissuance of judgment was neither noted on the Wayne County Circuit Court docket sheet (*see* Dkt. #9-1), nor provided as part of the Rule 5 materials. Petitioner, however, did file two *pro se* motions for reconsideration (*see* Dkt. ##9-19, 9-29), which were denied. *People v. Nettles*, No. 98-08191 (Mich. Third Jud. Cir. Ct. Aug. 21, 2013).

On March 18, 2014, Petitioner filed another *pro se* post-conviction motion for relief from judgment. (*See* Dkt. #9-22.) The trial judge denied the motion under M.C.R. 6.502(G) because it was an unauthorized successive motion for relief from judgment that did not come within an exception permitting filing. *People v. Nettles*, No. 98-08191 (Mich. Third Jud. Cir. Ct. Apr. 16, 2014). Petitioner never filed an appeal from the denial of this motion.

In 2016, Petitioner filed a complaint for a writ of habeas corpus with the Michigan Court of Appeals, which was denied. *Nettles v. Chippewa Correctional Facility Warden*, No. 331507 (Mich. Ct. App. July 28, 2016). Petitioner did not appeal the denial of the writ of habeas corpus to the Michigan Supreme Court. (*See* Larry Royster Aff. Dkt. # 9-25.)

Petitioner signed and dated the present petition for writ of habeas corpus on July 17, 2017, and the court received it on July 20, 2017. Under the prison mailbox rule, the

court will assume that petitioner filed his habeas petition on July 17, 2017, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one year statute of limitations on habeas actions. 28 U.S.C. § 2244(d)(1). Although not jurisdictional, the AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the statute of limitations. *Id.* at 260–61.

### A. Statute of Limitations

At the outset, the court must determine when Petitioner's conviction became "final" for the purpose the statute of limitations. *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005). For present purposes, a state-court judgment becomes "final" under § 2244(d)(1)(A) when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002).

Petitioner was sentenced on September 24, 1998. At the time of Petitioner's sentence, Petitioner had twelve months from the date of his sentence to file a delayed application for leave to appeal. M.C.R. 7.205(F)(3).[1] Petitioner never filed a direct

---

[1] M.C.R. 7.205(F)(3) was amended in June of 2011 to require that a delayed application for leave to appeal be filed within six months of sentence. The limitation provision is now at M.C.R. 7.205(G)(3).

4

appeal from his conviction and sentence. His judgment of sentence therefore became final for the purpose of § 2244(d)(1)(A) twelve months after the sentencing—on September 24, 1999—when the time limit for filing a direct appeal in the Michigan Court of Appeals expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Unless the limitations period was somehow tolled, Petitioner had until September 24, 2000 to timely file a petition for writ of habeas corpus with this court. Because the instant petition was filed long after that date, it is untimely.

Petitioner, for his part, argues that the statute of limitations does not apply to his substantive competency claim. In support of his argument, Petitioner cites to an unpublished case from the Middle District of Alabama; in that case, the district court concluded that a habeas petitioner's substantive competency claim was not subject to the time bar in 28 U.S.C. § 2244(d) and thus could be reviewed on the merits. *Simon v. Giles*, No. 2:11-CV-1125-WHA, 2015 WL 1292525, at *4 (M.D. Ala. Mar. 23, 2015) (adopting the Report and Recommendation of the Magistrate Judge). In reaching this decision, the district court cited to *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir. 1995), in which the Eleventh Circuit held that a substantive competency claim cannot be procedurally defaulted.

Although the Tenth and Eleventh Circuits have held that a substantive competency claim cannot be procedurally defaulted, the Supreme Court has not adopted this view and the Sixth Circuit has held that a substantive competency claim is subject to the procedural default rule. *Hodges v. Colson*, 727 F.3d 517, 540 (6th Cir. 2013). Petitioner's substantive competency claim is subject to the statute of limitations.

5

## B. Tolling

Petitioner filed his first post-conviction motion for judgment on June 18, 2008, after the one-year limitations period expired. A state court post-conviction motion filed after expiration of the limitations period cannot toll the limitations period because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002)*.* Likewise, Petitioner's second and third post-conviction motions, which were also filed in the state court after the expiration of limitations period, did not toll the limitations period. *See Parker v. Renico*, 105 F. App'x 16, 18 (6th Cir. 2004).

Further, Petitioner's second and third motions for relief from judgment cannot toll the limitations period because they were rejected by the state courts under M.C.R. 6.502(G). The Sixth Circuit has ruled that a habeas petitioner's second or successive motion for relief from judgment that is rejected by the state courts under M.C.R. 6.502(G), as Petitioner's second and third post-conviction motions were, does not qualify as a properly filed application for post-conviction relief that tolls the limitations period under 28 U.S.C. § 2244(d)(2). *See Williams*, 670 F.3d at 733.

Petitioner at some point filed a motion for reissuance of judgment pursuant to M.C.R. 6.428. It is unclear exactly when this motion was filed, although the court assumes it was around the time the trial judge denied the motion on June 28, 2013. In any event, this motion would not toll or restart the limitations period. M.C.R. 6.428 applies only where an attorney fails to perfect a timely appeal as of right in the Michigan Court of Appeals. Petitioner never made a timely request for the appointment of appellate counsel. M.C.R. 6.428 thus does not provide a means to restart the time in

6

which to file an appeal of right during state post-conviction proceedings, and it cannot toll or restart the AEDPA's limitations period. *See Stewart v. Howes*, No. 10-12485, 2011 WL 3624958, at *2 (E.D. Mich. Aug. 15, 2011) (Steeh, J.).

It is unclear whether Petitioner's complaint for writ of habeas corpus filed in 2016 qualifies as a properly filed application for post-conviction relief within the meaning of 28 U.S.C. § 2244(d)(2). But even if Petitioner's state habeas petition qualifies as a post-conviction motion within the meaning of 2244(d)(2), it was nonetheless filed after the one-year limitations period expired and would not extend or revive the limitations period. The instant petition is untimely.

**C. Equitable Tolling**

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner contends that the limitations period should be equitably tolled because of his long-standing mental illnesses, including depression, suicide attempts, bipolar disorder, post-traumatic stress disorder, and "warped thinking."

7

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitable tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In order to obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) he or she is mentally incompetent, and (2) his or her mental incompetence caused his or her failure to comply with the AEDPA's statute of limitations. *Id.* "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). For that reason, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008); *see also Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002) (Rosen, J.).

Petitioner is not entitled to equitable tolling of the limitations period based on his alleged mental incompetency because he has presented no evidence of his mental status during the limitations period. See *Watkins v. Deangelo-Kipp,* 854 F.3d 846, 851 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 101 (2017). Although Petitioner has provided some evidence of mental illness, the evidence he supplies points to illness predating his conviction. In any event, "mental illness is not the same as mental incompetence" and is insufficient to equitably toll. *Id.* at 852.

More importantly, Petitioner has not shown that his mental illnesses were the cause of his untimely filing. *Id.* 853. Petitioner actively pursued several collateral challenges to his conviction in the state courts, as well as federal post-conviction relief, at the time he was allegedly suffering from the noted mental impairments. He has failed to show a causal connection between his mental impairment and his ability to timely file

8

a habeas petition. *Id.*; *see also McSwain*, 287 F. App'x at 457; *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005).

The one year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, the habeas petitioner must support his or her allegations of constitutional error "with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception because he presented no new, reliable evidence showing that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005). And any actual innocence exception to the statute of limitations is particularly inapplicable in light of the fact that Petitioner pleaded guilty. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005) (Gadola, J.). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. *See Connolly v. Howes*, 304 F. App'x 412, 419 (6th Cir. 2008).

## C. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The court denies Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether Petitioner had filed his habeas petition outside of the one-year limitations period.

## III. CONCLUSION

The petition here was unquestionably filed outside the limitations period in § 2244(d)(1). Accordingly,

IT IS ORDERED that Respondent's motion to dismiss (Dkt. #8) is GRANTED.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

s/Robert H. Cleland          /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 23, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner          /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6525

S:\Cleland\KNP\2254\17-12364.NETTLES.deny.2254.dhb.KNP.RHC.docx